IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**THELMA WILLIAMS**                                                                                              **PLAINTIFF**
**ADC#93197**

v.                                     Case No. 4:21-cv-00983-KGB

**JACOB FRANKLIN,** *et al.*                                                                               **DEFENDANTS**

## ORDER

Plaintiff Thelma Williams filed a *pro se* complaint on October 26, 2021 (Dkt. No. 1). Williams proceeded to file amended complaints in this action on October 27, 2021; November 22, 2021; December 8, 2021; December 29, 2021; January 20, 2022; February 17, 2022; and March 3, 2022; March 9, 2022; April 1, 2022; and August 8, 2022 (Dkt. Nos. 2, 5, 11, 18, 37, 44, 51, 53, 60, 78, 79). Williams also filed a separate motion to amend complaint on August 8, 2022 (Dkt. No. 81). Before the Court are Williams's applications to proceed *in forma pauperis* (Dkt. Nos. 22, 26, 33).

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Prior to filing this lawsuit, Mr. Williams filed at least three actions that were dismissed for failing to state a claim upon which relief may be granted. *See Williams v. Gibson, et al.*, Case No. 5:07-cv-00178-SWW (E.D. Ark.); *Williams v. Bennett, et al.*, Case No. 5:07-cv-00179-JMM (E.D. Ark); *Williams v. Smallwood, et al.*, Case No. 5:07-cv-0018- JMM; *Williams v. White, et al.*, Case No. 5:10-cv-00361-BSM (E.D. Ark.); *Williams v. Wright, et al.*, Case No. 4:11-cv-00137-BRW

(E.D. Ark.), and *Williams v. Griffin, et al.*, No. 4:20-cv-00940-KGB (E.D. Ark). Nevertheless, Williams may proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes rule. *See* 28 U.S.C. § 1915(g) (providing that three strikers should be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (explaining that the exception applies only if the prisoner is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient").

In his filings, among other matters, Williams challenges every aspect of his state criminal proceedings, confinement, and appeal (Dkt. Nos. 1-11, 14-29, 31-32, 34-40, 43-51). For example, Williams raises speedy trial issues, challenges the evidence against him, and questions the motivations of the prosecutor and presiding judge (*Id.*). None of these allegations indicate that Williams is in imminent danger of serious physical injury. Williams also alleges that, as an African American inmate, he felt discriminated against by white inmates while housed in the Faulkner County Detention Center (Dkt. Nos. 8, 43, 48). The Court observes that Williams was convicted in Faulkner County Circuit Court on January 23, 2022, and is now housed in the Arkansas Division of Correction (Dkt. Nos. 35 at 5–6, 42), and therefore, this allegation is moot. Accordingly, the imminent danger exception does not apply. *Dilworth*, 147 F.3d at 717.

The Court dismisses this case due to Williams's failure to pay the filing fee. Williams has 30 days to reopen this case by paying the $402 filing fee in full, with a reference to this case and case number on the payment.

It is therefore ordered that:

1. Williams's applications to proceed *in forma pauperis* are denied (Dkt. Nos. 22, 26, 33).

2.  Williams's complaint and all amended complaints are dismissed without prejudice (Dkt. Nos. 2, 5, 11, 18, 37, 44, 51, 53, 60, 78, 79).

3.  Williams's motions for discovery, and all other pending motions in this matter, are denied as moot (Dkt. No. 65, 67, 72, 73, 77, 81).

4.  Williams has 30 days from the date of this Order in which to reopen this case by paying the $402 filing fee in full, with a reference to this case and case number on the payment.

5.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

It is so ordered this 10th day of August, 2022.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge